IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Alan Bruce Carruthers,<br><br>Petitioner,<br><br>v.<br><br>Warden of Lee Correctional Institution,<br><br>Respondent. | Civil Action No. 6:18-1977-RMG<br><br>**ORDER AND OPINION** |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 48) recommending that the Court grant Respondent's motion for summary judgment. (Dkt. No. 19.) For the reasons set forth below, the Court adopts the R & R as the order of the Court to grant respondent's motion for summary judgment and dismiss the petition.

## I. Background

Petitioner Alan Bruce Carruthers is a prisoner at the Lee Correctional Institution in the South Carolina Department of Corrections. He filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) Petitioner plead guilty to first degree criminal sexual conduct ("CSC") with a minor. (Dkt. No. 18-1 at 13.) The court sentenced petitioner to thirty years of imprisonment with credit for time served and directed that the sentence run concurrent to petitioner's federal charges. (*Id.* at 35–36.) The court also ordered petitioner to undergo abuse and pedophilia counseling during incarceration. (*Id.* at 36.) Petitioner appealed his conviction, which the South Carolina Court of Appeals confirmed on June 8, 2010. (Dkt. Nos. 18-2; 19-4.) Petitioner filed a PCR application on March 7, 2011, which counsel amended on August 14, 2013. (Dkt. No. 18-1 at 38–44, 133–140.) The amended PCR application sets forth multiple claims for ineffective

assistance of counsel, which were all denied by court order after an evidentiary hearing. (Dkt. No. 18-1 at 133–140, 141–153.) Appellate counsel filed a notice of appeal on March 22, 2016 followed by a *Johnson v. State*, 364 S.E. 2d 201 (1988) petition for writ of certiorari on October 17, 2016.[1] (Dkt. Nos. 18-6; 18-7.) Petitioner filed a pro se *Johnson* petition on December 2, 2016. (Dkt. No. 18-8.) On March 7, 2018, the South Carolina Supreme Court denied certiorari and the Lexington County Clerk of Court filed the remittitur on March 23, 2018. (Dkt. Nos. 18-9; 18-10.)

The Petitioner filed a writ of habeas corpus on July 19, 2018 seeking relief on four grounds. (Dkt. No. 1.) Subsequently, the Magistrate Judge granted petitioner's motion to amend the petition. (Dkt. Nos. 25, 31.) Petitioner now seeks relief on five grounds: (1) prosecutorial misconduct and fraud upon the court; (2) counsel's misadvise to petitioner regarding sentencing; (3) plea counsel's failure to investigate and challenge evidence introduced at the plea hearing; (4) challenge to the validity of South Carolina's first degree CSC with a minor statute; and (5) ineffective assistance of counsel for failing to advise petitioner that the State's photographs were illegally obtained and should have been suppressed. (Dkt. No. 37.) Respondent filed a motion for summary judgment and petitioner filed a motion in opposition. (Dkt. Nos. 19, 44.) Petitioner filed objections to the R & R on August 7 and August 21, 2019. (Dkt. Nos. 52, 54.)

## II. Legal Standard

### A. Review of R & R

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in

---

[1] Petitioner's appellate counsel, Taylor D. Gilliam, filed a petition for writ of certiorari on petitioner's behalf and petitioned to be relieved as counsel pursuant to *Johnson*.

whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation."). Petitioner filed objections to the R & R and the Court conducts a *de novo* review.

## B. Motion for Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant has the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, to survive summary judgment the respondent must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312

F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

C.     **Federal Habeas Relief Pursuant to 28 U.S.C. § 2254**

A state prisoner who challenges matters "adjudicated on the merits in State court" can obtain relief in federal court if he shows that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). The state court's application is unreasonable if it is "objectively unreasonable, not merely wrong." *White v. Woodall*, 572 U.S. 415, 419 (2014). Meaning, the state court's ruling must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The state court's determination is presumed correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The state court's decision "must be granted a deference and latitude that are not in operation" when the case is considered on direct review. *Harrington*, 562 U.S. at 101. This is because habeas corpus in federal court exists only to "guard against extreme malfunctions in the state criminal justice systems." *Id.* at 102 (citation and internal quotation marks omitted). Accordingly, pursuant to 28 U.S.C. § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that

fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. *Harrington*, 562 U.S. at 102. "If this standard is difficult to meet, that is because it was meant to be." *Id.*

Before the petitioner may pursue federal habeas relief to this standard, he must first exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). Meaning, the petitioner "must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (abrogated on other grounds by *United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011)). This requires the petitioner to have "fairly present[ed] to the state court both the operative facts and the controlling legal principles associated with each claim." *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks omitted). A federal habeas court should not review the merits of claims that would be found to be procedurally defaulted or barred under independent and adequate state procedural rules. *Lawrence v. Banker*, 517 F.3d 700, 714 (4th Cir. 2008). For a procedurally defaulted claim to be properly considered by the federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

### III.  Discussion

After careful review of the R & R, to which Petitioner filed objections, as well as the parties' arguments on summary judgment (Dkt. Nos. 18, 19, 44, 52, 54), the Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Respondent's motion for summary judgment should be granted.

The Magistrate Judge properly concluded that petitioner's grounds one, two, and four are procedurally barred. (Dkt. No. 48 at 11.) These claims were never presented to the state court and are procedurally barred from federal habeas review unless petitioner can demonstrate actual cause

for the default and actual prejudice or innocence. *Coleman*, 501 U.S. at 750. A petitioner may only overcome procedural default by showing both: (1) cause for the noncompliance with the state rule and (2) actual prejudice resulting from the alleged constitutional violation, or that a fundamental miscarriage of justice will occur if the claim is not heard. *Wainright v. Sykes*, 433 U.S. 72, 84 (1977); *Murray v. Carrier*, 477 U.S. 478, 496 (1986). To establish cause, a petitioner must show "some objective factor external to the defense that impeded counsel's efforts to comply with the State's procedural rule." *Murray*, 433 U.S. at 491. Prejudice occurs where there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996). A fundamental miscarriage of justice occurs in extraordinary cases where a "constitutional violation has probably resulted in the conviction of someone who is actually innocent." *Murray*, 433 U.S. at 496.

The Magistrate Judge engaged in a cause and prejudice analysis and correctly concluded petitioner's claims to not establish either. In petitioner's opposition to respondent's motion for summary judgment, he asserts that "he will concede to the disposition of the issues initially raised . . . due to the procedural bar except for the single Amended issue [ground five]." (Dkt. No. 44 at 1.) Since petitioner is procedurally barred from raising grounds one, two, and four and he has not demonstrated cause and prejudice to circumvent that bar, the Court grants respondent's motion for summary judgment as to these claims.

The Magistrate Judge correctly concluded that petitioner's claims three and five were previously raised and ruled upon in state court. In both claims, petitioner makes ineffective assistance of counsel claims. Generally, to demonstrate ineffective assistance of counsel, the petitioner must show that his counsel was deficient in his representation and prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate ineffective assistance of

counsel, petitioner must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Id.* at 687. Second, petitioner must show that this deficiency prejudiced the defense. *Id.* at 694. "In the context of a guilty plea, the petitioner must demonstrate that his trial counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, he would not have plead guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In addition, the United States Supreme Court has found, "[s]urmounting *Strickland*'s high bar is never an easy task . . . Establishing that a state court's application of *Strickland* was unreasonable under § 2254 is all the more difficult." *Harrington*, 562 U.S. at 105. (internal quotation marks and citations omitted).

In ground three, petitioner primarily argues that plea counsel was ineffective for failing to investigate the photographic evidence introduced at the plea hearing. (Dkt. No. 37 at 9–10.) Petitioner brought this claim in his *pro se* response to the *Johnson* petition. (Dkt. No.18-8 at 3–4.) The PCR court previously ruled that this ineffective assistance of counsel claim was without merit. (Dkt. No. 18-1 at 148.) The PCR court stated the "thrust of the allegation rested upon [petitioner's] testimony that the photograph of the male's genitals with the victim, among other photographs, did not implicate [petitioner] for CSC." (*Id.*) The PCR court described the testimony as "incredible and myopic" in the context of other corroborating evidence of petitioner's "perversion and horrific exploitation" of the minor victim. (*Id.*) Further, the court found the ineffective assistance of counsel allegation was "doomed because it was solely supported by incredible PCR testimony from [petitioner]." (*Id.* at 148.) The record supports the PCR court's finding on this issue and the petitioner fails to establish the finding resulted from an unreasonable application of clearly established federal law. *Williams*, 529 U.S. at 413. Petitioner fails to present clear and convincing

evidence that the court unreasonably interpreted the facts in light of the evidence presented. *Wilson v. Ozmint*, 352 f.3D 847, 855 (4th Cir. 2003); 28 U.S.C. § 2254(e)(1).

In ground five petitioner argues plea counsel was ineffective for failing to advise him that the photographs presented by the State were obtained without a warrant and should have been suppressed. (Dkt. No. 37 at 1.) This claim was alleged in the *Johnson* petition, and in petitioner's *pro se* response to the *Johnson* petition. (Dkt. Nos. 18-8 at 3–4; 18-7 at 3.) In his objections, petitioner argues that law enforcement broadened their search beyond the scope of the warrant, and illegally entered petitioner's residence to conduct a search that produced suppressible evidence. (Dkt. Nos. 52 at 1; 54 at 2.) Yet, plea counsel testified he thought the evidence was "found in some building [the petitioner] had access to." (Dkt. No. 18-1 at 87.) When asked whether an improper search occurred that went beyond the scope of the warrant, plea counsel testified that he believed the search warrant looked in order and did not "recall . . . an issue with the warrant." (*Id.* at 91.) The PCR court found petitioner "wholly failed to meet his most basic burden to produce credible evidence that he even had a privacy interest in the abandoned structure of which he lacked a possessory interest." (*Id.* at 149.); *State v. Flowers*, 598 S.E.2d 725, 728 (Ct.App.2004). The PCR court ruled that petitioner's ineffective assistance of counsel claim was without merit. (Dkt. No. 18-1 at 149.)

In addition, in ground five, petitioner challenges the plea counsel's assistance leading up to his guilty plea. He argues that he initially wanted to go to trial and not plea, until after the State introduced photographs into evidence that he alleges were suppressible. (Dkt. No. 37 at 1.) He argues that counsel's failure to inform him of the "right to suppress the key evidence" caused him to plead guilty. (*Id.*) When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense which he is charged, "[h]e may only attack the voluntary and intelligent

character of the guilty plea by showing that the advice he received from counsel 'was not within the range of competence demanded of attorneys in criminal cases.'" *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973). To satisfy the prejudice requirement of *Strickland* following a guilty plea a petitioner alleging ineffective assistance of counsel must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

At the plea hearing, plea counsel stated he reviewed the evidence against petitioner which was "voluminous" and "overwhelming." (Dkt. No. 18-1 at 27–28.) While plea counsel reviewed the evidence with petitioner, they came across pictures of petitioner with the victim. (*Id.* at 85.) Plea counsel testified that "when [petitioner] saw those pictures, he ended up saying, '[t]hat is me, and I'm guilty, and I want to plead guilty.'" (*Id.*) After petitioner saw the pictures he directed plea counsel "not to look at any more evidence" or to "proceed any further with any more defenses with any discovery." (*Id.* at 101.) Plea counsel testified he "advised [petitioner] of all his options, which would have included challenging the evidence through search warrants." (*Id.*) As previously discussed, plea counsel did not have a reason to believe an illegal search had occurred. (*Id.* at 91.) The PCR court found that plea counsel's testimony was credible and that petitioner failed to establish a privacy interest in the abandoned structure where the evidence was discovered. (*Id.* at 149.) The Magistrate Judge correctly concluded that petitioner has not put forth additional evidence that the advice received from pela counsel was incompetent, or that petitioner was prejudiced by counsel's representation in preparation for and during the plea. The findings of the PCR court are supported by the record and the petitioner fails to demonstrate the finding resulted from an unreasonable application of clearly established federal law. *Williams*, 529 U.S. at 413. Petitioner does not show by clear and convincing evidence that the court unreasonably interpreted

the facts in light of the evidence before it. *Wilson v. Ozmint*, 352 f.3D 847, 855 (4th Cir. 2003); 28 U.S.C. § 2254(e)(1).

In summary, the Magistrate Judge ably concluded that petitioner's claims one, two, and four were not raised at the state level and are procedurally barred from federal habeas review on the merits. Further, petitioner presents no arguments to establish cause and prejudice or actual innocence to circumvent that bar. The Magistrate Judge correctly concluded that grounds three and five were previously ruled upon by the state court. The petitioner presents no evidence the state court's rulings were the result of an unreasonable application of clearly established federal law. Petitioner does not present clear and convincing evidence the state court unreasonably interpreted the facts in light of the evidence before it. The Court adopts the R & R and respondent's motion for summary judgment is granted. (Dkt. No. 19.)

## IV. Certificate of Appealability

The governing law provides:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253; *see also* Rule 1(b) Governing Section 2254 Cases in the United States District Courts. ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254].") A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the legal standard for the issuance of a

certificate of appealability has not been met because a reasonable jurist would not find it debatable that petitioner's claims one, two, and four are procedurally barred and claims three and five were previously ruled upon by the state court which was not the result of an unreasonable application of federal law or an unreasonable factual determination in light of the evidence presented. 28 U.S.C. 2254. Therefore, a Certificate of Appealability is denied.

V. **Conclusion**

For the foregoing reasons, the R & R of the Magistrate Judge (Dkt. No. 48) is **ADOPTED** as the Order of the Court. Respondent's Motion for Summary Judgment is **GRANTED**. (Dkt. No. 19.) Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. No. 37) is **DISMISSED** without prejudice.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

August 26, 2019
Charleston, South Carolina